**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4928**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ARMOND RASHAWN WRIGHT,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.   Patrick Michael Duffy, Senior
District Judge.  (2:04-cr-00618-PMD-1)

———————

Submitted:  October 31, 2014        Decided:  November 26, 2014

———————

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Joseph Condon, Jr., North Charleston, South Carolina, for
Appellant.   William N. Nettles, United States Attorney, Sean
Kittrell, Assistant United States Attorney, Charleston, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Armond Rashawn Wright pleaded guilty to possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(D) (2012), and use of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i) (2012), but reserved his right to appeal the district court's denial of his motion to suppress the evidence seized during a traffic stop and his career offender designation. Finding no error, we affirm.

On appeal, Wright first argues that the officers lacked probable cause to stop the vehicle in which he was traveling. This court reviews factual findings underlying a district court's denial of a motion to suppress for clear error and legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). Because the district court denied the motion, we construe the evidence in the light most favorable to the Government, the party prevailing below, United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013), and we "defer to the district court's credibility findings." United States v. Griffin, 589 F.3d 148, 150 n.1 (4th Cir. 2009) (internal quotation marks omitted).

The "decision to stop an automobile is reasonable when police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996). Observation of any traffic violation, no matter how

2

minor, gives an officer probable cause to stop the vehicle. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). The district court here credited the officer's testimony that the driver of the vehicle failed to signal a turn; thus the traffic stop was based on probable cause. See United States v. Kellam, 568 F.3d 125, 136 (4th Cir. 2009) ("[I]f an officer has probable cause or a reasonable suspicion to stop a vehicle, there is no intrusion upon the Fourth Amendment.").

Wright next argues that the officer lacked reasonable suspicion that he was armed and dangerous to justify the protective frisk of his person. During a traffic stop, the passenger may be required to exit the vehicle without any indication that the passenger poses a risk to officer safety. Maryland v. Wilson, 519 U.S. 408, 413-15 (1997). Additionally, if the officer has reasonable suspicion that a passenger is armed or is engaged in criminal activity, the officer may pat down the passenger for weapons. Terry v. Ohio, 392 U.S. 1, 30 (1968); see United States v. Sakyi, 160 F.3d 164, 168-69 (4th Cir. 1998); United States v. Raymond, 152 F.3d 309, 312 (4th Cir. 1998).

Based on the totality of the circumstances, we conclude that the district court properly found the officer justified in conducting the frisk. When Wright exited the vehicle, the officer immediately noticed that his pockets were

3

bulging. Observing in a suspect's clothing a bulge that could be a weapon "reasonably warrants a belief that the suspect is potentially dangerous." United States v. Baker, 78 F.3d 135, 137 (4th Cir. 1996). Here, in addition to the bulge, the officer had noticed heavy tint on the windows of the vehicle preventing the officer from seeing into the backseat, and had information, provided by an officer working in the narcotics division, that Wright was a known drug dealer. Accordingly, we conclude that the officer reasonably suspected that Wright could be armed and dangerous and thus the protective frisk was justified.

Finally, Wright argues that his two prior convictions do not qualify as predicate felonies for career offender purposes because he did not serve any active prison sentence. Because Wright failed to challenge his career offender designation in the district court, this Court reviews this claim for plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993); see United States v. Henderson, 133 S. Ct. 1121, 1126 (2013).

We find no error, much less plain error, in Wright's career offender designation. There is no requirement that an offender have served time for a prior felony conviction in order for it to qualify under the career offender Guideline. See U.S. Sentencing Guidelines Manual § 4B1.2 cmt. n.1 (2007). Because

4

Wright's prior offenses were punishable by more than a year of imprisonment, they were properly counted as predicate offenses.

Accordingly, we affirm the district court's judgment. We deny Wright's motions to supplement the record and for leave to file pro se briefs. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED